## IN THE UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

IN THE MATTER OF:
DEVEON MARSCEL HOOD
INDIA CLINEECE HOOD
    DEBTOR(S)

CHAPTER 13

CASE NO: 18-50083-JPS

## MOTION FOR MODIFICATION OF PLAN BEFORE CONFIRMATION

The debtor(s), under the authority of Section 1323 of the Bankruptcy Code, files this motion for modification of plan and respectfully shows:

**1.**

Debtor(s) seeks to modify their Chapter 13 plan heretofore filed to remove Honor Finance, LLC., as a secured creditor on the 2009 Chevrolet Traverse, Motor Vehicle. Said vehicle was involved in an automobile accident on February 23, 2018, wherein said vehicle was declared a total loss by Geico Insurance Company. Pursuant to the automobile accident, the insurance proceeds are to be paid to Honor Finance, LLC., lien holder of said vehicle in the amount of $5,946.66.

The arrears amount of $4,890.52 on the 3 bedroom Frame House & 0.47 acres of Real Estate & Flower Shop, financed by Tennille Holding Company, LLC., is increased to $17,588.94 at a rate of 3.75%, and payment of $322.00 per month.

The arrears amount of $142.25 on the 10X12 Storage Building, financed by PMB Rental, LLC., is increased to $294.50 at a rate of 4.5%, and a payment of $30.00 per month.

The plan payment will increase from $1,020.00 semi-monthly to $1,040.00 semi-monthly.

**2.**

After notice and opportunity for objections, the plan as modified should become the debtor's plan.

WHEREFORE, the debtor pray that her motion for modification of plan be approved.

_____
Arthur L. Walker GBN: 731175
Michon D. Walker GBN: 732413
Arthur L. Walker & Associates, LLC
P.O. Box 64
Sandersville, GA 31082
(478) 552-0552
artwalkeratt@bellsouth.net
walkmd@comcase.net

COUNTY OF __WASHINGTON__

STATE OF GEORGIA

## VERIFICATION

Personally appeared before the undersigned officer __Deveon Marscel & India Clineece Hood__

who says under oath that the fact stated in the above and foregoing __Motion for Modification__

__Before Confirmation__ are true.

This __8th__ day of __March__, 20 __18__.

x/ _[signature]_ Deveon Marscel Hood
x/ _[signature]_ India Clineece Hood

_[signature]_
Arthur L. Walker GBN: 731175
Michon D. Walker GBN: 732413
Arthur L. Walker And Associates, LLC
P.O. Box 64
Sandersville, GA 31082
(478) 552-0552
artwalkeratt@bellsouth.net
walkmd@comcast.net

Sworn to and subscribed before me
this __8th__ day of __March__,

20 __18__.

_[signature]_ Rose Anna Danzy
Notary Public:

_[Notary Seal: Rose Anna Danzy, Notary Public, Washington County, Georgia, Expires Sept. 27, 2020]_

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RE: DEVEON MARSCEL HOOD      CHAPTER 13
    INDIA CLINEECE HOOD
    DEBTOR(S)     CASE NO. 18-50083-JPS

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the forgoing Motion for Modification Before Confirmation, Modified Chapter 13 Plan, Verification, Certificate of Service and Notice upon debtor(s) and all creditors listed on the attached mailing matrix by depositing copies of same in the U.S. Mail with sufficient postage affixed to insure proper delivery and the Chapter 13 Trustee by electronic notice.

See attached mailing matrix.

Camille Hope, Chapter 13 Trustee
docomt@chapter13macon.com

This 8th day of March, 2018.

                                      /s/
                               Arthur L. Walker GBN: 731175
                               Michon D. Walker GBN: 732413
                               Attorney(s) for Debtor

**Arthur L. Walker & Associates, LLC**
**P.O. Box 64**
**Sandersville, GA 31082**
**(478) 552-0552**
artwalkeratt@bellsouth.net
walkmd@comcast.net

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113G-5<br>Case 18-50083<br>Middle District of Georgia<br>Macon<br>Thu Mar  8 13:17:38 EST 2018 | 5<br>433 Cherry Street<br>P.O. Box 1957<br>Macon, GA 31202-1957 | 1st Franklin Financial Services<br>P. O. Box 350<br>Sandersville, Georgia 31082-0350 |
| ADT - Bankruptcy<br>3190 South Vaughn Way<br>Aurora, Colorado 80014-3512 | ADT Security Services, Inc<br>3190 South Vaughn Way<br>Aurora, CO 80014-3512 | AT & T<br>P. O. Box 537104<br>Atlanta, Georgia 30353-7104 |
| C & P Finance Company<br>1313 East Main Street<br>Suite 400<br>Richmond, Virginia 23219-3756 | Capital One Bank USA, N. A.<br>P. O. Box 30253<br>Salt Lake City, Utah 84130-0253 | Capital One Bank, NA<br>P. O. Box 30253<br>Salt Lake City, Utah 84130-0253 |
| Charter Communications<br>P. O. Box 742615<br>Cincinnati, Ohio 45274-2615 | Country Financial<br>P. O. Box 2100<br>Bloomington, Illinois 61702-2100 | Credit One Bank<br>P. O. Box 60500<br>City of Industry, California 91716-0500 |
| Crest Financial<br>61 West 13490 South<br>Draper, Utah 84020-7209 | Department of Education/Nelnet<br>3015 Parker Road<br>Suite 400<br>Aurora, Colorado 80014-2904 | (p)DIRECTV LLC<br>ATTN BANKRUPTCIES<br>PO BOX 6550<br>GREENWOOD VILLAGE CO 80155-6550 |
| Emmett L. Goodman, Jr., LLC<br>544 Mulberry Street<br>Suite 800<br>Macon, Georgia 31201-2776 | (p)FARMERS FURNITURE<br>ATTN CORPORATE CREDIT DEPT<br>PO BOX 1140<br>DUBLIN GA 31040-1140 | Federal Finance Corp.<br>P. O. Box 247<br>Elkin, North Carolina 28621-0247 |
| Federal Financial Services, Inc.<br>935 N Bridge St<br>Elkin, NC 28621-2403 | HONOR FINANCE<br>1731 Central St<br>Evanston, IL 60201-1507 | Honor Finance Corp.<br>909 Davis Street<br>Suite 260<br>Evanston, Illinois 60201-3645 |
| James G. Whiddon, III<br>Aldridge Pite Haan, LLP<br>P. O. Box 52815<br>Atlanta, Georgia 30355-0815 | John A. Dana, Esq.<br>119 West Haynes Street<br>Sandersville, Georgia 31082-1701 | MIDLAND FUNDING LLC<br>MIDLAND CREDIT MANAGEMENT, INC. as agent<br>for MIDLAND FUNDING LLC<br>PO Box 2011<br>Warren, MI 48090-2011 |
| Magistrate Court of Fulton County<br>Room T900 Justice Center Tower<br>Atlanta, Georgia 30303 | Magistrate Court of Washington County<br>P. O. Box 1053<br>Sandersville, Georgia 31082-1053 | Midland Funding, LLC<br>2365 Northside Drive<br>Suite 300<br>San Diego, California 92108-2709 |
| Nationwide Recovery Services<br>545 Inman Street<br>Cleveland, Tennessee 37311 | PMB Rentals, LLC<br>P. O. Box 489<br>Paris, Tennessee 38242-0489 | PMB Rentals, LLC<br>c/o Hagwood Adelman Tipton<br>PO Box 726<br>Paris, TN 38242-0726 |

Physicians Practice Group
1499 Walton Way
Suite 1400
Augusta, Georgia 30901-2660

(p) PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Progressive Insurance Corp.
6300 Wilson Mills Road
Mayfield Village, Ohio 44143-2182


QUEENSBOROUGH NATIONAL BANK & TRUST COM
P. O. BOX 467
LOUISVILLE, GA 30434-0467

Queensborough National Bank & Trust
113 East Broad Street
P. O. Box 467
Louisville, Georgia 30434-0467

Tennille Holding Company, LLC
P. O. Box 614
Watkinsville, Georgia 30677-0015


U.S. Department of Education C/O Nelnet
121 South 13th Street, Suite 201
Lincoln, NE 68508-1911

U.S. Trustee - MAC
440 Martin Luther King Jr. Boulevard
Suite 302
Macon, GA 31201-7987

United Consumer Financial Services
865 Bassett Road
Westlake, Ohio 44145-1194


Verizon Wireless
P. O. Box 26055
Minneapolis, Minnesota 55426-0055

W. S. Badcock Corporation
P. O. Box 724
Mulberry, Florida 33860-0724

W.S. Badcock, Corporation
P.O. Box 724
Mulberry, FL 33860-0724


Washington Co. Regional Medical Center
610 Sparta Road
Sandersville, Georgia 31082-1893

Washington County Tax Commissioner
P. O. Box 469
Sandersville, Georgia 31082-0469

Wells Fargo
420 Montgomery Street
San Francisco, California 94104-1298


World Omni Finance
P. O. Box 991817
Mobile, Alabama 36691-8817

World Omni Financial Corp.
c/o Christina V. Paradowski
110 SE 6th Street, Suite 1500
Fort Lauderdale, FL 33301-5039

Arthur L. Walker
Arthur L. Walker and Associates, LLC
P. O. Box 64
Sandersville, GA 31082-0064


Camille Hope
Office of the Chapter 13 Trustee
P.O. Box 954
Macon, GA 31202-0954

Deveon Marscel Hood
301 North Main Street
Tennille, GA 31089-1124

India Clineece Hood
301 North Main Street
Tennille, GA 31089-1124


c World omni financial
Tripp Scott PA
c/o Christina V. Paradowski
110 SE 6th Street
Suite 1500
Fort Lauderdale, FL 33301-5039


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


DirecTV
2230 E. Imperial Hwy
EL Segundo, California 90245

Farmers Furniture
P. O. Box 1140
Dublin, Georgia 31040

Portfolio Recovery
120 Corporate Blvd.
Suite 100
Norfolk, Virginia 23502

| | |
|---|---|
| (d)Portfolio Recovery Associates, LLC<br>c/o Capital One Bank (USA), N.a.<br>POB 41067<br>Norfolk VA 23541 | End of Label Matrix<br>Mailable recipients   51<br>Bypassed recipients    0<br>Total                 51 |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
<u>MACON</u> DIVISION

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY CASE |
| DEVEON MARSCEL HOOD | | |
| INDIA CLINEECE HOOD | : | CASE NO: 18-50083-JPS |
| DEBTOR(S) | : | CHAPTER 13 PROCEEDING |

<u>NOTICE TO MODIFY PLAN BEFORE CONFIRMATION</u>

DEVEON MARSCEL & INDIA CLINEECE HOOD, (DEBTOR(S) IN THE ABOVE -STYLED BANKRUPTCY MATTER, HAS FILED DOCUMENTS WITH THE COURT TO MODIFY DEBTOR(S) CHAPTER 13 PLAN PRIOR TO CONFIRMATION.

<u>YOUR RIGHTS MAY BE AFFECTED</u>. **You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.** If not served with this notice in accordance with the bankruptcy code or the federal rules of bankruptcy procedure, a copy of the motion may be obtained upon written request to counsel for the movant (identified below) or at the clerk's office.

**The confirmation is scheduled for April 26, 2018.** If you do not want the court to grant the motion, or if you want the court to consider your views on the motion, then you or your attorney shall file with the court a written objection or response within 21 days of service of this notice and attend the confirmation hearing noted below. If you are receiving this notice by mail, you may add 3 day to the response date, in accordance with FRBP 9006(f). The objection or response should be sent to:

> Clerk, U.S. Bankruptcy Court
> Middle District of Georgia
> P.O. Box 1957
> Macon, Georgia 31202
> (478) 752-3506

The *confirmation* hearing shall be held on:

**APRIL 26, 2018 AT 1:30 P.M.** U.S. BANKRUPTCY COURT
COURTROOM B, 433 CHERRY STREET, MACON, GA 31202

If you mail your response or objection to the court for filing, you shall send it early enough so that the court will receive the objection or response on or before the response date stated above.

Any response or objection shall also be served on the Movant.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 3015-2(d)(2)(B).

Dated this  March 8, 2018

/s/ ALW
_____
Arthur L. Walker GBN: 731175
Michon D. Walker GBN: 732413
Arthur L. Walker & Associates, LLC
Attorney(s) for Debtor(s)
P.O. Box 64
Sandersville, GA 31082
(478) 552-0552
artwalkeratt@bellsouth.net
walkmd@comcast.net

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| DEBTOR<br>Deveon Marscel Hood<br>India Clineece Hood | * <br> * | Chapter 13<br>Case No. __18-50083-JPS__<br>[X] Check if this is a modified plan and list below the sections of the plan that have been changed.<br>__2.1, 3.1, 3.2, 3.3, 3.4, 4.1,__ |

## CHAPTER 13 PLAN
## MIDDLE DISTRICT OF GEORGIA
## (NOT OFFICIAL FORM 113)

**Part 1: Notices**

| To Debtors: | This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.<br><br>*In the following notice to creditors and statement regarding your income status, you must check each box that applies.* |
|---|---|
| To Creditors: | Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.<br><br>You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.<br><br>If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan. |

**The following matters may be of particular importance to you. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan. Any nonstandard provisions placed in any part other than Part 6 are void.**

| | | | |
|---|---|---|---|
| 1.1. | **Limit the Amount of a Secured Claim:** The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | [X] Not Included |
| 1.2. | **Avoidance of Liens:** The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in the **Nonstandard Provisions Part 6.** | [X] Included | ☐ Not Included |
| 1.3. | **Nonstandard Provisions:** The plan sets out Nonstandard Provisions in Part 6. | [X] Included | ☐ Not Included |

GAMB Form 113 Word Format 2/28/18

**Income status of debtor(s) as stated on Official form 122-C1**

**Check One:**

☒ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

**Part 2: Plan Payments and Length of Plan**

2.1.   **Plan Payments:** The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the Trustee the sum of **$1,040.00** weekly/bi-weekly/**semi-monthly**/monthly. (If the payments change over time include the following.) These plan payments change to $_____ weekly/bi-weekly/semi-monthly/monthly on _____, 20____.

2.2.   **Additional Payments:** Additional Payments of $_____ will be made on _____ from _____. (Source)

2.3.   **Trustee Percentage Fee:** The Trustee percentage fee as set by the United States Trustee will be collected from each payment made by the debtor(s).

2.4.   **Plan Length:** If the debtor's(s') current monthly income is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.

If the debtor's(s') current monthly income is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A) the debtor(s) will make payments for a minimum of 57 months.

**Part 3: Treatment of Secured Claims**

From the payments so received, the Trustee shall make disbursements to allowed claims as follows:

3.1.   **Long Term Debts:** The monthly payments will be made on the following long-term debts (including debts secured by the debtor's(s') principal residence): (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT | CHECK IF PRINCIPAL RESIDENCE |
|---|---|---|---|
| Tennille Holding Company, LLC | March/2018 | $1,222.63 | ☒ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |

GAMB Form 113 Word Format 2/28/18

3.2. **Arrearages:** After confirmation, distributions will be made to cure arrearages on long term debts (including debts secured by the debtor's(s') principal residence) where the last payment is due after the last payment under the plan. If no monthly payment is designated, the arrearage claims will be paid after the short term secured debts listed in Section 3.3 and 3.5.

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE (if applicable) | COLLATERAL | MONTHLY PAYMENT IF ANY |
|---|---|---|---|---|
| Tennille Holding Company, LLC | $17,588.94 | 3.75% | 3 B/R Frame House & 0.47 acres of R/E, Located at 301 N. Main Street & Flower Shop converted to Living space located at 104 W. Adams Street, both located on same parcel in Tennille, Georgia 31089. | $322.00 |
| PMB Rental, LLC | $294.50 | 4.5% | 10 X 12 Storage Building | $30.00 |

3.3. **Claims Not Subject to Cram Down:** The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| Federal Finance Services | $12,702.08 | 4.5% | 2013 Hyundai Sonata Motor Vehicle | $240.00 |
| Crest Financial | $3,000.00 | 4.5% | Household Goods | $60.00 |

3.4. **Preconfirmation Adequate Protection Payments:** Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| Federal Finance Services | $127.00 |
| Crest Financial | $30.00 |

3.5. **Secured Creditors Subject to Cramdown:** After confirmation of the plan, the following secured creditors who are subject to cramdown, with allowed claims will be paid as follows:

If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| | | | | | |

GAMB Form 113 Word Format 2/28/18

3.6. **Surrendered Collateral:** The following collateral is **surrendered to the creditor.** If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions.** The debtor(s) agrees to termination of the stay under 11 U.S.C. § 362(a) and § 1301(a) with respect to the collateral, effective upon confirmation of the plan. An allowed unsecured claim resulting from the disposition(s) of the collateral will be treated as unsecured.

NAME OF CREDITOR                           DESCRIPTION OF COLLATERAL

3.7. **Debts Paid by Debtor:** The following debts will be paid directly by the debtor(s):

NAME OF CREDITOR                COLLATERAL

**PMB Rental, LLC**                **10X12 Storage Building**

3.8. **Liens Avoided:** The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

-C & F Finance Company (Debtor 1 & Debtor 2)
-Midland Funding, LLC assignee of Credit One Bank (Debtor 1)
-Midland Funding, LLC assignee of Credit One Bank (Debtor 2)
-W.S Badcock Corporation (Debtor 2)
-Farmers Furniture (Debtor 1)
-Farmers Furniture (Debtor 2)
-1st Franklin Financial Services (debtor 2)
-Washington County Regional Medical Center (Debtor 2)

**Part 4: Treatment of Fees and Priority Debt**

4.1. **Attorney Fees:** Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $ **3,250.00** to be paid as follows: **(SELECT ONE)**

[x] Pursuant to the current Administrative Order on Attorney Fee Awards

[ ] By another method as set out in Part 6 Nonstandard Provisions. Attorneys will be required to submit an itemization of their time to the Court.

4.2. **Domestic Support Obligations:** The following domestic support obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ___%. **(If this is left blank, no interest will be paid.)**

NAME OF CREDITOR                                                   PAYMENT AMOUNT

4.3. **Priority Claims:** All other 11 U.S.C. § 507 priority claims, unless already listed under 4.2 will be paid in full over the life of the plan as funds become available in the order specified by law.

**Part 5: Treatment of Non Priority Unsecured Claims**
GAMB Form 113 Word Format 2/28/18

5.1.   **Payment Parameters: Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative; debtor(s) will pay the highest of the three):**

(a) Debtor(s) will pay all of the disposable income as shown on Form 122C of $ **0.00** to the non-priority unsecured creditors in order to be eligible for a discharge, unless debtor(s) includes contrary provisions in **Part 6 Nonstandard Provisions** along with sufficient legal reason justifying the excusal from meeting this requirement.

(b) If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive $ **0.00**. Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(c) The debtor(s) will pay $ **0.00** to the general unsecured creditors to be distributed pro rata.

5.2.   **General Unsecured Creditors:** General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE):**

(a) ___% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in **Part 2 Section 2.4.**

(b) The debtor(s) anticipates unsecured creditors will receive a dividend of **0** %, but will also pay the highest amount shown in paragraph 5.1(a), 5.1(b), or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3.   **Unsecured Claims:** The following unsecured claims are classified to be paid at 100%. If the debtor(s) is proposing to pay interest on classified claims, or to pay the claims a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provisions.**

| NAME OF CREDITOR | COLLATERAL | REASON FOR CLASSIFICATION |
|---|---|---|
| | | |
| | | |

5.4.   **Executory Contracts and Unexpired Leases:** The executory contracts and unexpired leases listed below are assumed. All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments should be included in **Part 6 Nonstandard Provisions.**

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| **PMB Rental, LLC** | **10 X 12 Storage Building** |

5.5.   **Property of the Estate:** Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court's jurisdiction, notwithstanding § 1327(b), except as otherwise provided in **Part 6 Nonstandard Provisions** below. Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s). All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s). The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

GAMB Form 113 Word Format 2/28/18

5.6. **Validity of Liens or Preference Actions:** Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference action will be grounds for modification of the plan.

**Part 6: Nonstandard Provisions**

**Nonstandard Provisions:** Under Bankruptcy Rule 3015(c), all nonstandard provisions are required to be set forth below. *These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked and any nonstandard provisions placed elsewhere in the plan are void.*

(1). After completion of the plan and Discharge, any defaults in mortgage contracts treated under the plan will be cured and the mortgage reinstated in full, including any pre-petition attorneys fees or cost of collection. Titles to vehicles servicing as collateral for claims treated under the plan will be returned to the debtor(s) with liens released. (2). All secured creditors shall receive 4.5% interest on their claims unless otherwise indicated. (3). The following Judicial Liens are being avoided: C & F Finance Company (Debtor 1 & Debtor 2), Midland Funding, LLC assignee for Credit One Bank (Debtor 1), Midland Funding, LLC assignee for Credit One Bank (Debtor 2), W.S. Badcock Corporation (Debtor 2), Farmers Furniture (Debtor 1), Farmers Furniture (Debtor 2), 1st Franklin Financial Services (Debtor 2), Washington County Regional Medical Center (Debtor 2).

-PMB Rental, LLC- Leased 10 X 12 Storage Building- Lease to be assumed;  PMB Rental, LLC arrears in the amount of $142.25, to be paid through the plan with a payment of $17.00 per month.

**Part 7: Signatures**

7.1. **Certification:** The debtor's(s') attorney (or debtor(s), if not represented by an attorney) certifies that all provisions of this plan are identical to the Official Form of the Middle District of Georgia, except for language contained in **Part 6: Nonstandard Provisions**.

*/s/ [signature]*
Signature of debtor

Date  **03/08/2018**
       MM/DD/YYYY

*/s/ [signature]*
Signature of debtor

Date  **03/08/2018**
       MM/DD/YYYY

Debtor's(s') Attorney

_____
Signature of debtor's(s') attorney

Date  **03/08/2018**
       MM/DD/YYYY

GAMB Form 113 Word Format 2/28/18